**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SIMS L. COX**                                                                  **PETITIONER**

v.                                                                    **No. 3:08CV25-M-A**

**CHRISTOPHER EPPS, ET AL.**                                          **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Sims L. Cox for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismissed the petition as untimely filed. Cox has not responded, and the deadline for response has expired. For the reasons set forth below, the states's motion to dismiss shall be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

On September 30, 2004, Sims L. Cox, pled guilty to two counts of robbery in the Circuit Court of Calhoun County, Mississippi. On the same day, he was sentenced to serve a term of twenty-five years for each count in the custody of the Mississippi Department of Corrections, with both sentences to run concurrently and five years suspended. Cox was further ordered to serve five years on post-release supervision, pay court costs and fines, and pay $1,346.00 in restitution. According to Cox's petition for a writ of *habeas corpus* – and the Mississippi Supreme Court and Calhoun County Circuit Court records – Cox has not filed a state application for post-conviction collateral relief.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea in Mississippi. MISS. CODE ANN. § 99-35-101. Cox's judgment became final on October 30, 2004, thirty days after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, the deadline for him to file a federal *habeas corpus* petition became October 31, 2005.[1] Cox did not file an application for post-conviction relief as contemplated under 28 U.S.C. § 2244(d)(2) on or

---

[1] The one-year deadline of October 30, 2005, fell on a Sunday; as such, the court shall use the next business day to determine the federal *habeas corpus* filing deadline.

before October 31, 2005, to toll the limitations period. As such, his federal petition for a writ of *habeas corpus* was untimely filed. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 25, 2008, and the date it was received and stamped as "filed" in the district court on February 28, 2008. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 847 days after the October 31, 2005, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of August, 2008.

                                             **/s/ MICHAEL P. MILLS**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**
                                             **NORTHERN DISTRICT OF MISSISSIPPI**